No. 25-51073

# In the United States Court of Appeals for the Fifth Circuit

Students Engaged in Advancing Texas; M. F., by and through next friend Vanessa Fernandez; Z. B., by and through next friend S.B.,

*Plaintiffs–Appellees,*

v.

Ken Paxton, in his official capacity as the Texas Attorney General,

*Defendant–Appellant.*

On Appeal from the United States District Court for the Western District of Texas, Austin Division

## APPELLANT'S UNOPPOSED MOTION TO CONSOLIDATE APPEALS AND RESET BRIEFING DEADLINE

Appellant Attorney General of Texas, sued in his official capacity (hereinafter "Texas" or "the State"), respectfully moves the Court to consolidate this appeal with the appeal in *Computer and Communications Industry Association v. Paxton*, No. 26-50001 (5th Cir. 2026) (CCIA), and to set the deadline for the State's consolidated opening brief to within 60 days after the record is filed in the CCIA case.

Consolidation is appropriate because both appeals are from orders granting motions for preliminary injunctions based on overlapping federal constitutional challenges to the same law—Texas Senate Bill 2420, the Texas App Store Accountability

Act.[1] Both cases were filed on the same day in the same court against the same defendant. The same district judge (Judge Pitman) enjoined enforcement of the law after a combined hearing. The orders on appeal involve substantially similar—and largely identical—analyses, present many common issues, and involve overlapping claims and parties. Consolidation of these cases for a contemporaneous consideration will therefore promote judicial economy and efficiency.

Setting the deadline for the State's opening brief to within 60 days after the record is filed in the CCIA case is appropriate. The record has already been filed in the current appeal and, after the grant of an extension, the State's brief is currently due on May 6, 2026. Setting a consolidated opening brief deadline of 60 days from the filing of the record in the CCIA case will ensure that the State has adequate time to brief the constitutional issues presented in both appeals and present the entwined issues in an efficient manner for the Court.

Counsel for Texas conferred with counsel for both sets of Appellees, i.e., Appellees in this case and in the CCIA case. Those counsel indicated they do not oppose consolidation or the briefing deadline requested herein but their non-opposition is contingent on each set of Appellees being able to file a separate merits brief. The State does not object to each set of Appellees filing a separate merits brief.

## I.

**A.** SB 2420 was enacted by the Texas Legislature to build on tools already provided by mobile device application ("app") stores and developers to allow parents

---

[1] 89th Leg., R.S., ch. 200, § 1, 2025 Tex. Sess. Law Serv. 385-90 (codified at Tex. Bus. & Com. Code sections 121.001, et seq.).

maximum transparency to direct and supervise their children's downloads of apps and purchases within them. The law imposes various duties on app stores and developers related to assigning and displaying age and content ratings, obtaining parental consent for downloads and purchases by minors, verifying that a user's age category and parental consent are satisfied for a particular app, and protecting personal data.

SB 2420 requires app stores to verify the age category of an individual who creates an account with the app store. Tex. Bus. & Com. Code § 121.021. A minor's account must be affiliated with a parent account, *id.* § 121.022(a)-(b), and "the owner of an app store must obtain consent from the minor's parent or guardian through the parent account affiliated with the minor's account before allowing the minor to: (1) download a software application; (2) purchase a software application; or (3) make a purchase in or using a software application," *id.* § 121.022(d). Consent is not required for a minor to download an app that (1) "provides direct access to emergency services" and meets certain criteria, or (2) "is operated by or in partnership with" a regulated nonprofit organization that "develops, sponsors, or administers" standardized tests used for certain post-secondary education purposes. *Id.* § 121.022(h).

Section 121.052 of SB 2420 requires app developers to assign an age rating to each app and purchase that can be made through the app, and the app developer must provide the app store with the rating and the specific content that led to the assigned rating. To obtain consent, the app store owner must disclose to the parent or guardian the following:

(A) the specific software application or purchase for which consent is sought;

(B) the rating under Section 121.052 assigned to the software application or purchase;

(C) the specific content or other elements that led to the rating assigned under Section 121.052;

(D) the nature of any collection, use, or distribution of personal data that would occur because of the software application or purchase; and

(E) any measures taken by the developer of the software application or purchase to protect the personal data of users.

*Id.* § 121.022(f)(1).

App stores must also notify parents before significant changes are made to the terms of service or privacy policy of apps for which consent has been given and obtain consent for the minor's continued use of the app. *See id.* §§ 121.022(g), .053(a). Significant changes are defined in the statute and include certain changes (1) to the use of personal data, (2) affecting the rating of the app or content that led to the rating, (3) adding new monetization features, or (4) that "materially change[] the functionality or user experience" of the app. *Id.* § 121.053(b). So app stores can provide the required notifications, app developers must provide the necessary information to the app stores. *See id.* § 121.053(a).

SB 2420 further requires app stores to display age ratings and other content notices for each app, which may be satisfied by an existing mechanism if an explanation of the mechanism is made available to users. *See id.* § 121.023.

Under section 121.024, app stores must allow developers to access current information about the age category of each user and whether consent has been obtained

for each minor user, and section 121.054 requires app developers to use this information to verify the age category of a user and whether consent has been obtained for a minor. *Id.* §§ 121.024, .054.

Sections 121.025 and 121.055 relate to protection and use of personal data by app stores and developers. These sections impose duties that include, for example, limiting the collection and processing of personal data to a minimum, transmitting such data by means of industry-standard encryption protocols, and deleting data.

Under SB 2420, an app store violates the Act if it:

(1) enforces a contract or a provision of a terms of service agreement against a minor that the minor entered into or agreed to without consent under Section 121.022;

(2) knowingly misrepresents information disclosed under Section 121.022(f)(1) [relating to disclosures required to obtain consent];

(3) obtains a blanket consent to authorize multiple downloads or purchases; or

(4) shares or discloses personal data obtained for purposes of Section 121.021, except as required by Section 121.024 or other law.

*Id.* § 121.026(a). Under section 121.026(b), "[t]he owner of an app store is not liable for a violation of Section 121.021 or 121.022" if it "uses widely adopted industry standards to: (A) verify the age of each user as required by Section 121.021; and (B) obtain parental consent as required by Section 121.022," provided the app store "applies those standards consistently and in good faith."

A developer violates SB 2420 if it:

5

(1) enforces a contract or a provision of a terms of service agreement against a minor that the minor entered into or agreed to without consent under Section 121.054;

(2) knowingly misrepresents an age rating or reason for that rating under Section 121.052; or

(3) shares or discloses the personal data of a user that was acquired under this subchapter.

*Id.* § 121.056(a). Similar to the app stores, there is a safe harbor depending on the use of widely adopted industry standards applied consistently and in good faith for designating age ratings, *id.* § 121.056(b), and a safe harbor for age verification if a developer relies in good faith on age category and consent information received from an app store, *id.* § 121.056(c).

SB 2420 had an effective date of January 1, 2026. Before that date, two sets of plaintiffs filed two suits against Attorney General Paxton in the Western District of Texas and sought preliminary injunctions enjoining enforcement of SB 2420.

**B.**  Plaintiffs in this appeal are Students Engaged in Advancing Texas (SEAT) and two minors, M.F. and Z.B. (collectively, "the SEAT plaintiffs"). SEAT claims it "represents a coalition of Texas students—from middle school to college-age—who seek to increase youth participation in policymaking, including through mobile apps." Plaintiffs' Mot. for Prelim. Injunction at 3, *SEAT v. Paxton*, No. 1:25-cv-01662-RP (W.D. Tex. Oct. 16, 2025) (SEAT Dist. ECF 5). "M.F. is a 17-year-old high school student and photographer who uses apps and paid content—including social media apps and documentaries he purchases online—to follow the news, edit photographs, study, and conduct research for his debate team and other school

activities." *Id.* "Z.B. is a 16-year old high school student journalist and content creator who uses apps to socialize, study, report stories, follow current events, and publish valuable information regarding financial literacy and study skills to her audience of over 1 million teens." *Id.*

On October 16, 2025, the SEAT plaintiffs filed a complaint against Attorney General Paxton in his official capacity and also filed a motion for preliminary injunction. Complaint, *SEAT*, No. 1:25-cv-01662-RP (W.D. Tex. Oct. 16, 2025) (SEAT Dist. ECF 1); SEAT Dist. ECF 5. They alleged that strict scrutiny applies to SB 2420, that the law fails any level of First Amendment scrutiny, that the "material change" provision is unconstitutionally vague, and that SB 2420 is facially invalid. *See* SEAT Dist. ECF 5.

**C.**  Plaintiff in the CCIA appeal is CCIA, which claims it "is a membership-based trade organization whose members operate some of the world's popular mobile app publishing services." Mot. for Prelim. Injunction at 3, *CCIA v. Paxton*, No. 1:25-cv-01660-RP (W.D. Tex. Oct. 23, 2025) (CCIA Dist. ECF 15). According to CCIA, "[t]he app stores operated by CCIA members that are regulated by S.B. 2420 are: (1) Google Play; (2) the Amazon Appstore; and (3) the Apple App Store." *Id.* CCIA also states that its "members are also leading app developers, who create and offer popular mobile apps for download in app stores," including "email apps like Gmail, video-viewing and sharing apps like YouTube, e-book or audiobook apps like Kindle and Audible, and apps that allow users to communicate and obtain information on a wide variety of topics (e.g., IMDb, Goodreads, Twitch)." *Id.* at 3-4.

On October 16, 2025, CCIA filed a complaint against Attorney General Paxton in his official capacity. Complaint, *CCIA*, No. 1:25-cv-01660-RP (W.D. Tex. Oct. 16, 2025) (CCIA Dist. ECF 1). CCIA also filed a motion for leave to file a motion for preliminary injunction that exceeded the pages allowed by the rules, and the approved motion for preliminary injunction was filed on October 23, 2025. CCIA Dist. ECF 15. Like SEAT, CCIA alleged that "S.B. 2420's age verification, parental verification, parental consent, and age-rating display requirements, §§ 121.021–121.023, are unconstitutional facially and as applied to all CCIA member mobile app stores." CCIA Dist. ECF 15 at 12. "CCIA also brings an as-applied challenge to S.B. 2420's provisions that: (1) forbid developers from providing their apps (or allow the sale of any in-app content) to minors without verifying their ages and obtaining parental consent; and (2) require developers, on an ongoing basis, to age-rate their apps and the speech available for purchase within them." *Id.* at 13. CCIA argued that the age-rating requirements unconstitutionally compel speech and are void for vagueness. *See id.* at 31-41.

**D.**  Judge Pitman held a combined hearing on December 16, 2025, and issued injunction orders in both the SEAT and CCIA cases on December 23. Order, *SEAT*, No. 1:25-cv-01662-RP, 2025 WL 3731733 (W.D. Tex. Dec. 23, 2025) (SEAT Dist. ECF 38); Order, *CCIA*, No. 1:25-cv-01660-RP, 2025 WL 3754045 (W.D. Tex. Dec. 23, 2025) (CCIA Dist. ECF 65). In SEAT, Judge Pitman determined that the plaintiffs have standing, SEAT Dist. ECF 38, at 7-8, that SB 2420 is content-based and strict scrutiny applies, *id.* at 8-11, that the State likely cannot show a compelling state interest, *id.* at 11-14, that SB 2420 would fail intermediate scrutiny, *id.* at 14, and that

the provisions of SB 2420 are not severable, *id.* Judge Pitman further held that the "materially changes" provision, § 121.053(b)(4), is unconstitutionally vague, *id.* at 15-17, and that SB 2420 is facially invalid, *id.* at 17-18, but did not reach the issue of prior restraint, *id.* at 18. Judge Pitman determined that the remaining preliminary injunction factors favored the SEAT Plaintiffs and enjoined the State "from taking any action to implement or enforce Tex. Bus. & Com. Code §§ 121.021, 121.022(a)-(b), 121.022(d)-(g), 121.024, 121.026(a)(3), 121.026(b), 121.053, 121.054, and 121.056(c)." *Id.* at 20.

In the CCIA order, Judge Pitman similarly determined that CCIA has standing, CCIA Dist. ECF 65, at 8-9, that strict scrutiny applies to SB 2420, *id.* at 9-11, that the State likely could not show a compelling state interest to survive strict scrutiny, *id.* at 12-14, that SB 2420 would also fail intermediate scrutiny, *id.* at 14-15, and that the provisions of SB 2420 are not severable, *id.* at 15. Judge Pitman further held that "[t]he portions of the Act that hold app developers and stores liable for getting age ratings wrong are impermissibly vague" and that SB 2420's definition of significant changes in § 121.053(b) is unconstitutionally vague. *Id.* at 16-17. As in the SEAT case, Judge Pitman determined that SB 2420 is facially invalid. *Id.* at 17-19. Judge Pitman determined that the remaining preliminary injunction factors favored CCIA and enjoined the State "from taking any action to implement, enact, or enforce Texas S.B. 2420." *Id.* at 19-20.

The State appealed from both injunction orders on December 23, 2025, the day they were issued. Notice of Appeal, *SEAT*, No. 1:25-cv-01662-RP (W.D. Tex. Dec. 23, 2025) (SEAT Dist. ECF 39); Notice of Appeal, *CCIA*, No. 1:25-cv-01660-RP

(W.D. Tex. Dec. 23, 2025) (CCIA Dist. ECF 66). The SEAT appeal was docketed in this Court on December 31, 2025. Notice of Appeal, *SEAT v. Paxton*, No. 25-51073 (5th Cir. Dec. 31, 2025) (SEAT 5th ECF 1). The CCIA appeal was docketed in this Court on January 2, 2026. *CCIA v. Paxton*, No. 26-50001 (5th Cir. Jan. 2, 2026) (CCIA 5th ECF 1).

## II.

**A.**  This Court should consolidate this appeal with No. 26-50001 because the appeals involve challenges to the same law on similar grounds. The underlying lawsuits were filed on the same day and preliminary injunction orders were issued the same day by the same judge after a combined hearing, presenting many common issues. Consolidating the appeals will therefore promote judicial economy and efficiency.

The Federal Rules of Appellate Procedure permit this Court to "consolidate[]" appeals, Fed. R. App. P. 3(b)(2), which is appropriate when consolidation will promote "the interest of judicial economy," *Miranda v. NTSB*, 866 F.2d 805, 806 (5th Cir. 1989); *Pickens v. Davis*, Nos. 19-10347 & 19-10851, 2020 WL 8254334, at *1 (5th Cir. Mar. 5, 2020); *Forkner v. Fisher*, 678 F. App'x 210, 211 (5th Cir. 2017) (per curiam). Consolidation may advance judicial economy when "the issues and briefing overlap," *Benavides v. Davis*, Nos. 16-40512 & 16-41398, 2017 WL 11652641, at *1 (5th Cir. June 8, 2017), or when "interrelated issues" are present, *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). *See also Chem One, Ltd. v. M/V RICK-MERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011) (consolidating appeals "because the appeals arise from the same conjoined multiparty litigation in the District Court,

and consolidation would be both efficient and equitable for the disposition of the appeals"); Fed. R. Civ. P. 42(a). The Court granted the State's similar motion to consolidate appeals related to challenges by SEAT and CCIA to HB 18 on First Amendment grounds. *See* Order Granting Appellant's Unopposed Mot. to Consolidate, *Comput. & Commc'ns Indus. Ass'n v. Paxton*, No. 24-50721 (5th Cir. Feb. 21, 2025) (ECF 54).

Under these standards, consolidation is appropriate here. The main issue in both appeals is whether SB 2420 violates the First Amendment. Judge Pitman's analysis of that issue is largely identical across both orders. And there is substantial overlap regarding the causes of action advanced (First Amendment and vagueness challenges), the defendants sued (both sets of plaintiffs sued Attorney General Paxton), and the provisions of SB 2420 challenged. Thus, consolidation is appropriate because "the issues and briefing [will] overlap," *Benavides*, 2017 WL 11652641, at *1, and the issues are "interrelated," *Fulton*, 780 F.3d at 688.

**B.**   The State respectfully requests that the Court make the consolidated opening brief due 60 days from the filing of the record in the CCIA case. This deadline will ensure that the State has sufficient time to draft a consolidated brief addressing each of the constitutional issues presented in these appeals.

## Conclusion

The Court should consolidate this appeal with the appeal in No. 26-50001 and set the deadline for the filing of the State's consolidated opening brief to occur within 60 days after the date on which the record in No. 26-50001 is filed.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

William R. Peterson
Solicitor General

/s/ Jeffrey A. Stephens
Jeffrey A. Stephens
Assistant Solicitor General
Jeff.Stephens@oag.texas.gov

*Counsel for Defendant-Appellant*

## CERTIFICATE OF CONFERENCE

On March 27, 2026, counsel for Defendant-Appellant conferred with counsel for Appellees in this case and the CCIA case. Counsel indicated that they do not oppose consolidation or the briefing deadline requested herein but their non-opposition is contingent on each set of Appellees being able to file a separate merits brief.

/s/ Jeffrey A. Stephens
JEFFREY A. STEPHENS